ZENITH ELECTRONICS CORP., ET AL., PLAINTIFFS v.
UNITED STATES, DEFENDANT

Consolidated Court No. 91–07–00515

(Dated March 9, 1995)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson* and *Larry Hampel)* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington* and *Mary T. Staley)* for plaintiffs United Electrical Workers of America, Independent; the International Brotherhood of Electrical Workers; the International Union of Electronic, Electrical, Technical, Salaried, Machine and Furniture Workers (AFL-CIO); and the Industrial Union Department (AFL-CIO).

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Thomas H. Fine* and *Rebecca Rejtman,* Attorney Advisors, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*White & Case (William J. Clinton, Christopher M. Curran* and *David E. Bond)* for defendant-intervenors AOC International, Ltd., Action Electronics Co., Ltd., Proton Electronic Industrial Co., Ltd., Sampo Corporation and Tatung Company.

OPINION

RESTANI, *Judge:* This matter is before the court following a remand order of September 26, 1994 in which the court directed that the value-added tax adjustment to United States price be made in accordance with the new methodology sustained in *Independent Radionic Workers v. United States,* Slip Op. 94–144, at 2–4 (Sept. 16, 1994), and *Torrington Co. v. United States,* Slip Op. 94–167, at 8 (Oct. 20, 1994). Commerce has complied with the court's direction.

Plaintiffs assert that 19 U.S.C. § 1677a(d)(1)(C) (1988) requires that the adjustment be capped by the amount of the home market tax. This is not required by the statute. The limitation in the statute, "only to the extent that such taxes are added to or included in the price of such or similar merchandise when sold in the country of exportation," *id.,* is interpreted by the International Trade Administration of the United States Department of Commerce to require it to determine if the home market tax was a separate "add on" to home market price or was other-

wise included in home market price, not to require an equivalency in amount as a ceiling. This interpretation is a reasonable reading of the statute.

Accordingly, the remand determination is sustained.

## JUDGMENT

RESTANI, *Judge:* This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that the remand determination of the International Trade Administration is sustained.